**METHVINE et al. v. FISHER et al.**

No. 8009—Opinion Filed July 10, 1917.

(166 Pac. 702.)

**1. Trial — Practice—Exceptions to Instructions.**

It is error for the county court to refuse to permit the county stenographer to incorporate in the records of the proceedings of a trial all exceptions that an attorney may desire to reserve in good faith, to the action of the court in giving and refusing instructions. or in marking instructions "Given" which the court fails and refuses to read to the jury.

**2. Same.**

It is error for the trial court to mark instructions "Given" and then fail to read them

to the jury, under the assumption that he had covered the ground in the requested instructions by his general charge.

(Syllabus by West, C.)

Error from County Court, Rogers County; H. Tom Kight, Judge.

Action by P. Fisher and another against Mrs. Lee Methvine and another. There was a judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Baldwin & Spradling and Boone & Welch, for plaintiffs in error.

John T. Brown and Ertell & Hart, for defendants in error.

Opinion by WEST, C. This is an action in replevin brought in the county court of Rogers county by P. Fisher and Sylvia Fisher, defendants in error, against Mrs. Lee Methvine and G. D. Weedin, plaintiffs in error, for possession of certain hotel furniture or its value. Case was tried to a jury, and judgment rendered for the plaintiffs below, and from which judgment defendants below, plaintiffs in error, appeal.

We find it necessary to discuss only one assignment of error, which is directed at the following action of the court, to wit:

"By R. J. Boone: * * * If the court please, there are several of the special instructions requested by defendants which are marked 'Given' and your honor's name signed to them, but you fail to read them to the jury or to incorporate them in your instructions.

"By the Court: These instructions marked 'Given' were covered by me in my general instructions.

"By R. J. Boone: We desire the record to show that these instructions were not in fact given and except to the court marking them 'Given,' when they were not in fact given.

"By the Court: The court refuses to further incumber the records in this case, and the reporter will not be permitted to take further the statements of counsel in connection herewith.

"By R. J. Boone: Exceptions."

Section 1821, Rev. Laws of 1910, is as follows:

"1821. Pleading and Practice.—For the trial of all civil and criminal cases in the county court the pleadings, practice and procedure, both before and after judgment, shall be the same as that of the district court, except where special statutory proceedings are prescribed."

Section 1834, Rev. Laws of 1910, is as follows:

"1834. Duties of, as Reporter.—It shall be the duty of the county stenographer, under the direction of the county judge, to take down in shorthand the oral testimony of witnesses, the ruling of the court, the objections made, and the exceptions taken during the trial of all civil and criminal cases, and also such other matters as the court shall order, and in all criminal cases to make out and file with the judge or clerk of the county court a transcript of his shorthand notes, when the same shall have been ordered by the court."

This court, in passing upon this statute in case of Anoatubby v. Pennington, 46 Okla. 221, 148 Pac. 828, in the first paragraph of the syllabus lays down the following rule:

"1. Trial — Objections and Exceptions — Duty of Stenographers.

"Section 1834, Rev. St. 1910, provides: It shall be the duty of the county stenographer, under the direction of the county judge, to take down in shorthand the oral testimony of the witnesses, the rulings of the court, the objections made, and the exceptions taken during the trial of all civil and criminal cases, and also such other matters as the court shall order. Under this section, it is the duty of the stenographer, and, in case he refuses, it is the duty of the county court, to require him to take down all objections and exceptions, made by counsel in good faith, during the progress of the trial, and it is error for the court to refuse to do so."

In view of this construction of statute above quoted, it is our opinion that it was error for the trial court to refuse to permit the county stenographer to incorporate in the record of the proceedings of the trial such exceptions as attorney for plaintiff in error might desire to reserve to the action of the court in refusing instructions rightfully tendered, and to incorporate such exceptions as he might desire to save to the action of the court in marking instructions "Given" which the court failed and refused to read to the jury.

It was without the province of the trial court to determine that the main charge covered all points presented in the requested instructions applicable to the case, and thus shut off the right of review by marking such requested instructions "Given". If the trial court in the main charge covered the issues presented in the requested instructions which were applicable to the case, it would not have been error to have refused such requested instructions, but as to whether or not trial court's main charge covered the law presented in the requested instructions which were applicable, and thus dispensed with the necessity of giving the requested instructions, was a question which might be subject to re-

view on appeal, and it was error for the trial court to mark requested instructions "Given" and then fail and refuse to read them to the jury.

On account of errors above this case is reversed, and cause remanded.

By the Court:     It is ordered.